UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY CLIFF HALLETT, | : | |
|  | : | Civil Action No. 06-5763 (NLH) |
| Petitioner, | : | |
|  | : | |
| v. | : | O P I N I O N |
|  | : | |
| PAUL SCHULTZ, | : | |
|  | : | |
| Respondent. | : | |

Appearances:

ANTHONY CLIFF HALLETT, Petitioner pro se
#16914-057
F.C.I. Fairton
Fairton, New Jersey 08320

**Noel L. Hillman, District Judge**

On December 1, 2006, Anthony Cliff Hallett (hereinafter "Petitioner"), an inmate serving a life without parole sentence at F.C.I. Fairton, Fairton, New Jersey, filed his Pro Se Petition for a Writ of Habeas Corpus (hereinafter "Petition"), pursuant to 28 U.S.C. § 2241. See Pet. at 3. Petitioner, who already sought but was denied a writ of habeas corpus under 28 U.S.C. § 2255, see id. at 2, now seeks an order directing a new trial or a new evidentiary hearing. Id. at 1. In support of his request, Petitioner relies of the Supreme Court holding in House v. Bell, 126 S. Ct. 2064 (2006), see Pet. at 1, and asserts that (1) Petitioner's conviction "was obtained by knowing use of perjured testimony," id. at 2; and

(2) there is a "reasonable likelihood that the jury might not have convicted [P]etitioner . . . had the truth been told at trial." Id. at 3. Although, transcripts and exhibits included, Petitioner's Petition totals 80 pages, at no point does Petitioner offer new evidence unavailable at the time of Petitioner's 2255 application or during Petitioner's trial. See generally, Pet.

## STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). However, in comparison to civil rights complaints filed pro se, "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). As the Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See . . . Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is

important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644 (2005).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

---

[1] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. See Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

## DISCUSSION

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody.[2] A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment. See Preiser v. Rodriquez, 411 U.S. 475, 484-86 (1973); see also Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 829-31 (D.N.J. 1996) (noting § 2241 generally appropriate only for claims challenging continued execution of sentence for which immediate or speedier release is appropriate).

In contrast, Section 2255 allows collateral review of the sentences of federal prisoners; this Section has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a

---

[2]

Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States....

sentence is being executed should be brought under § 2241).

Congress amended § 2255 as part of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). As of the AEDPA's effective date of April 24, 1996, a motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing Court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255. Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. See 28 U.S.C. § 2255. Therefore, a petitioner can resort to § 2241 if, and only if, the petitioner shows that § 2255 is "inadequate or ineffective" with respect to the petitioner's

circumstances. For instance, the United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gatekeeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against the filing of successive petitions. See Dorsainvil, 119 F.3d at 251. However, the Third Circuit emphasized that a prisoner's inability or failure to comply with those gatekeeping requirements generally does not render § 2255 "inadequate or ineffective" so as to permit resort to § 2241, noting that such a holding "would effectively eviscerate Congress's intent in amending § 2255." Id. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied "where the denial of a habeas action would raise serious constitutional issues." Dorsainvil, 119 F.3d at 249 (citing Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997). In the Triestman and Dorsainvil cases, the serious constitutional issue was "that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal."[3] Id. (citing Triestman, 124 F.3d at 366).

The Supreme Court's holding in House builds on the above-cited exceptions to the limitations imposed by Section 2255. It is long

---

[3] In this case, the Petitioner makes no valid argument that the conduct for which he was convicted is no longer criminal due to substantive changes in the law. See generally, Pet.

established that a *defaulted* habeas claim may be considered by a federal court where the petitioner fails to show cause for the default if the petitioner can show actual innocence. See Murray v. Carrier, 477 U.S. 478, 495 (1986) ("the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration"). The petitioner's claim of innocence, however, "does not itself provide a basis for relief . . . [It is] a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995). An actual innocence claim requires *new reliable evidence* -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. See Schlup, 513 U.S. at 324. In applying the "actual innocence" standard to a request for an evidentiary hearing, "the District Court must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." Id. at 331-32.

> [T]he gateway actual-innocence standard is by no means equivalent to the standard . . . that governs claims of insufficient evidence. . . . Because [an actual-innocence] claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the . . . newly supplemented record.

House v. Bell, 126 S.Ct. at 2077-78.

In the case at bar, Petitioner's § 2255 application was duly submitted -- rather than defaulted -- and, thus, does not meet the requirements set forth in Murray. Moreover, Petitioner's instant application offers *no new evidence* for this Court to evaluate under the standard set forth in House. See generally, Pet. Rather, Petitioner (1) points at evidence presented or available during Petitioner's trial and Petitioner's § 2255 application; and (2) interprets it as an indication that Petitioner was wrongfully convicted. See id. However, Petitioner's *new interpretations* of previously presented and available evidence neither render § 2255 "inadequate or ineffective" nor qualify Petitioner for the House exception. In sum, Petitioner's instant application is nothing but a mislabeled § 2255 application.

Since Petitioner had his § 2255 already entertained, see id. at 2, this Court has no reason to construe Petitioner's instant application as a § 2255 motion because this Court would have no jurisdiction to entertain such a motion. Moreover, this Court has no reason to transfer Petitioner's instant application to the court having proper jurisdiction. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the

applicable Court of Appeals has authorized such filing, <u>see</u> 28 U.S.C. § 2244, which, in case of Petitioner's, is the Court of Appeals for the Fourth Circuit.  <u>See</u> Pet. at 9.  In this case, it does not appear to be in the interests of justice to transfer the matter to the Court of Appeals for the Fourth Circuit for authorization as a second/successive filing under § 2255, since Petitioner indicates that, on April 21, 1999, the Fourth Circuit denied Petitioner's appeal from the district court's ruling on Petitioner's original § 2255 motion.[4]  <u>See</u> <u>id.</u>

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED.

An appropriate Order accompanies this Opinion.

_____<br>
**NOEL L. HILLMAN**<br>
United States District Judge

Dated: January 4, 2007<br>
Camden, New Jersey

---

[4] However, the Court notes that Petitioner is free to seek filing of his second § 2255 application with the proper court, should Petitioner decide to do so.